BIRD ARCHER, Petitioner, v. T. J. SELLERS, Judge, Respondent.

**VENUE:** **Fraud in Inception of Contract.** A defendant who is sued on a written contract in a county which is not the county of his residence is *not* entitled to a change of venue to the county of his residence when the fraud pleaded by him constitutes a *partial* defense, only.

*Certiorari to Des Moines Municipal Court.*—T. J. SELLERS, Judge.

NOVEMBER 20, 1923.

ORIGINAL proceedings in certiorari.—*Writ annulled and judgment affirmed.*

*Prichard & Prichard* and *Parrish, Cohen, Guthrie & Watters,* for petitioner.

*Carr, Cox, Evans & Riley,* for respondent.

PER CURIAM.—The Des Moines Mutual Insurance Association commenced an action to recover premiums upon a contract which provided for the payment thereof in Polk County. The defendant in that action, who is the plaintiff in this proceeding, is a resident of Monona County. The answer to the petition of

the insurance association set up fraud in the inception of the contract, as a partial defense thereto, defendant offering to confess judgment for a part of the commission. The fraud charged was the alleged misrepresentation of the company's agent that the cost of the insurance would not and could not exceed $15 per thousand. The petition demanded judgment for a larger amount. In his verified answer, setting up the alleged false representations of the agent, the defendant asked for a change of venue, as permitted by Subdivision 6 of Section 3505, Supplement to the Code, 1913. The court overruled the motion, and entered judgment in favor of the plaintiff for the full amount claimed. To entitle defendant to a change of venue to the county of his residence, under the provisions of Subdivision 6, Section 3505, the fraud alleged must constitute a complete defense to plaintiff's cause of action. Such is the specific language of the statute. The fraud alleged in this case purported only to constitute a defense in so far as the premiums exceeded $15 per thousand. The ruling of the court was in harmony with the statute, and the writ issued herein must be, and it is, dismissed.—*Writ annulled and judgment affirmed.*